## Case No. 11,980a.

### The ROCKIE E. YATES.

[2 Hask. 430.] [1]

District Court, D. Maine.   Oct., 1880.

PRACTICE IN ADMIRALTY — SUIT FOR WAGES —
WHAT COMPLAINT SHOULD SHOW — AP-
PEARANCE BY ATTORNEY.

1. Complaints by seamen for wages under sections 4546, 4547, Rev. St., must show that ten days have lapsed after the wages were payable, or that a dispute had arisen between the master and seamen touching the same.

2. The vessel against which process is sought on such complaint should be within the district at the time of hearing.

3. The master in such case had a right to appear by attorney before the magistrate in defense of the claim.

In admiralty. Application for process in rem in a cause for wages. The mate and two seamen of the crew of the schooner Rockie E. Yates arrived at the port of Camden, Maine, on board that schooner from a coasting voyage, and thereupon made complaint on oath to Jonathan P. Cilley, a justice of the peace within the county of Knox, for the balance of wages due them, alleging that they had faithfully performed the voyage as seamen on board said schooner according to the terms of the shipping articles which they had signed at the commencement of the voyage, and that a balance of wages was due each of them which the master refused to pay. The magistrate issued a precept to the sheriff of the county, commanding him to summon the master of said schooner to appear before him upon a stated day, to show cause why process should not issue from this court against said schooner, her tackle, apparel and furniture, according to the course of admiralty proceedings, and to answer the claims of the complainants for their wages. The precept was duly served upon the master of said schooner, who, having proceeded to sea in his vessel before the day fixed for the hearing by the magistrate, attempted to appear by attorney; but the magistrate refused to allow such appearance, and decided that the master must appear before him in person, and affirmatively show cause why process should not issue against the schooner as prayed for. The master having failed to do this, the magistrate certified to the clerk of said court that there was sufficient cause of complaint, whereon to found admiralty process against said schooner, to answer for the wages of the complainants, and that the complaints were made to him because the judge of this court resided more than three miles from the place of application.

C. E. Littlefield, for the master, appeared and objected to the proceedings as irregular, and to the issuing of process against the vessel.

1 [Reported by Thomas Hawes Haskell, Esq., and here reprinted by permission.]

FOX, District Judge.  The application for process against this vessel under the statute, on the certificate of J. P. Cilley, a justice of the peace for the county of Knox, is denied for the following reasons:

First. The complaint made by the crew to the justice and filed with the clerk does not allege that ten days had elapsed after the time when the wages ought to have been paid, or that a dispute had arisen between the master and seamen touching their wages.

Second. It appears that when the hearing was had before the justice the vessel was not within the district, having proceeded to sea; if she should hereafter return within the district, it would not follow that the wages would be then due, and the vessel still subject to process.

Third. The master had a right to be heard by attorney and establish a defence to the claims if he could. His personal presence was not a pre-requisite.

Process denied.